UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| PARNELL D. VAUGHN,<br><br>       Plaintiff,<br><br>   -against-<br><br>METROPOLITAN TRANSIT AUTHORITY,<br>NEW YORK CITY TRANSIT AUTHORITY,<br>and MANHATTAN AND BRONX SURFACE<br>TRANSIT OPERATING AUTHORITY,<br><br>       Defendants. |

22-CV-3221-LTS-SDA

ORDER

   The parties are hereby notified that the below annexed Complaint, originally filed in case No. 23-CV-8121, shall for all purposes be deemed to constitute the Second Amended Complaint in the above-captioned action.  The Court will issue a Memorandum Order directing parties of all relevant deadlines to amend or respond to this Second Amended Complaint.

   SO ORDERED.

Dated: New York, New York
   October 13, 2023

            /s/ Laura Taylor Swain
            LAURA TAYLOR SWAIN
            United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_Parnell Vaughn_

Write the full name of each plaintiff.

-against-

(1) _MTA New York City Transit Authority_
(2) _Transportation Workers Union Local 100_

Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

**23 CV 8121**

_____CV_____
(Include case number if one has been
assigned)

Do you want a jury trial?
☑ Yes    ☐ No

## EMPLOYMENT DISCRIMINATION COMPLAINT

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with
the court should therefore *not* contain: an individual's full social security number or full birth
date; the full name of a person known to be a minor; or a complete financial account number. A
filing may include *only*: the last four digits of a social security number; the year of an individual's
birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule
of Civil Procedure 5.2.

## I.    PARTIES

### A.   Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

Parnell                     D              Vaughn
First Name                  Middle Initial      Last Name

2156 Cruger Ave Apt #5M
Street Address

Bronx                    NY              10462
County, City                State           Zip Code

1-917-385-7317                   pdvaughn1987@yahoo.com
Telephone Number                 Email Address (if available)

### B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:    MTA New York City Transit Authority
                Name
                130 Livingston Street
                Address where defendant may be served
                Brooklyn              NY            11201
                County, City              State          Zip Code

Defendant 2:    Transportation Workers Union Local 100
                Name
                195 Montague Street
                Address where defendant may be served
                Brooklyn              NY            11201
                County, City              State          Zip Code

Defendant 3:

_N/A - Not Applicable (To be determined)_
Name

_____
Address where defendant may be served

_____
County, City                    State              Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_MTA New York City Transit Authority_
Name
_180 Livingston Street_
Address
_Brooklyn                    NY              11201_
County, City                    State              Zip Code

## III.    CAUSE OF ACTION

### A.    Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐    **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

   The defendant discriminated against me because of my (check only those that apply and explain):

   ☐    race: _____

   ☐    color: _____

   ☐    religion: _____

   ☐    sex: _____

   ☐    national origin: _____

Page 3

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

☑ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B.   Other Claims**

In addition to my federal claims listed above, I assert claims under:

☑ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☑ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☑ Other (may include other relevant federal, state, city, or county law):

(1) <u>Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e-3(a)</u>

(2) <u>New York State Public Employees' Fair Employment Act - Taylor Law</u>
<u>→ of 1967 .</u>         § 209-A(2)(c) ←

## IV.    STATEMENT OF CLAIM

### A.   Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☐ terminated my employment
- ☐ did not promote me
- ☑ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☑ retaliated against me
- ☐ harassed me or created a hostile work environment
- ☑ other (specify): _Caused way more damage than already made, and continues to do so._

### B.   Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

*Introduction*

I, Parnell Vaughn the plaintiff is bringing this complaint before this court against MTA New York City Transit Authority ("NYCTA") and my union Transportation Workers Union Local 100 ("TWU Local 100") who are the defendants. Next Page →

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

B. Facts

   This federal complaint is being filed and brought before this court to address and bring forth additional laws, claims and facts of another federal lawsuit filed under this court against NYCTA and others. That other federal complaint that was filed against NYCTA involves an unpaid overtime claim under the Fair Labor Standards Act ("FLSA") and a collective bargaining agreement ("CBA") that the defendant NYCTA agreed to and other claims involving retaliation and other anti-discriminatory statutes under the FLSA. The other federal complaint that I just described is under this court which is the United States District Court (Southern District of New York) under case name "Vaughn v. Metropolitan Transit Authority et al" with the given case number 1:22-cv-3221-LTS and assigned to the United States Chief Judge Laura Taylor Swain. Below this introduction will be the rest of the facts set forth in this complaint in

B. Facts

regards to the laws and statutes I am pleading
in this complaint starting with the background
information followed by the violations of the
statutes I am pleading, then the effects as a
result of the defendants actions and then
concluding this complaint with what I am
requesting to resolve this case.

## Background

1.) I, Parnell Vaughn the plaintiff was hired
by the defendant NYCTA as a Train
Conductor on July, 17th, 2017.

2.) I, Parnell Vaughn also became part of
the TWU Local 100 later on after being
hired by NYCTA.

3.) NYCTA is a public benefit corporation
that is generally governed by law. A

page 3 of 33

B. Facts

more detailed description of NYCTA
structure is in a MTA document attached
to this complaint called "The Related
Entities" marked as Exhibit 19.

4.) NYCTA and the labor union of the
employees of NYCTA which is TWU Local
100 had entered into an collective
bargaining agreement that both NYCTA
and TWU Local 100 must follow as well
as the employees of NYCTA.

5.) I, the plaintiff's normal job description
as a Train Conductor includes operating
train doors, making train service
announcements, reporting unusual activity
to supervision over the radio if
observed or at the request of passengers,
giving customers information and answers
to their questions such as directions to

page 4 of 33

B. Facts

a location or train station, platforming in train stations and flagging moving trains as well as other activities directed by supervision.

6.) On July 23rd 2018 I was assaulted by a passenger while on duty where the passenger spit on me and swung at me right when the train just began to pull out the 233rd Street train station on the number 2 line going south bound.

7.) I went out of service at the Flatbush train station after reporting the incident to supervision twice over the radio and went to the hospital after the assault.

8.) I went out of work and filed for workers compensation under the workers' compensation board ("WCB") in relation to

B. Facts

the assault incident that took place on July 23rd 2018 and after a few workers compensation hearings, I got my workers compensation case established by the WCB and was awarded through an order from the WCB.

9.) NYCTA had also agreed through the CBA and an amended portion to the CBA called the 2005 Memorandum Of Understanding ("2005 MOU") to also pay injured workers and injured workers out of work due to an injury while on duty a differential payment called workers compensation differential and for employees that was assaulted while on duty an assault pay differential. Both types of differential payments fall outside of the scope of the WCB and any award they give to injured workers (meaning the differential payments are not covered by the WCB and

B. Facts

falls under the CBA) and are paid from NYCTA after the injured workers WCB case is established.

10.) Also under the CBA and 2005 MOU the employees of NYCTA must continuously meet the involuntary work requirements in order to receive any differential payments and or differential back pay from the NYCTA or the injured worker won't receive any differential payments.

11.) NYCTA started to payout the differential payment for the assault incident I had suffered but the amount was incorrect and overtaxed to which both of those actions regarding the differential payment goes against the CBA and violates the CBA.

12.) I contacted the NYCTA about the

page 7 of 33

B. Facts

payment to dispute it and the NYCTA declined to try and resolve it. The amount in dispute was the first differential payment of $20,483.01 but received $8,962.91 which is still in dispute.

13.) I then contacted my labor union TWU Local 100 to try and get my dispute resolved and a union representative at the time by the name of Jose Melendez stated in a text message that the NYCTA will send me a off cycle check to resolve the dispute.

14.) When I got the off cycle check in the amount of $515.68 I saw that it was still the wrong amount and then I moved to file a grievance with the union against NYCTA to try and resolve the dispute.

B. Facts

15.) After checking in with my labor union a few times to see if the grievance was being processed and if there had been any progress I felt that there was nothing being done so I sent NYCTA a letter warning them of legal action if the NYCTA continues to not want to resolve the dispute.

16.) In the warning letter dated December 10th, 2021 I had even offered an amount that was less than what I could of asked for at the time with the intention of asking for less money overall to resolve the dispute as fast as possible because I had use for the money for my own personal issues I needed to get resolved.

17.) After no response to my warning letter to NYCTA regarding my dispute I hired

page 9 of 33

B. Facts

a private attorney by the name of Eileen
M. Burger to investigate and try to get
a response from either NYCTA, TWU
Local 100 or both and a lawyer from
TWU Local 100 by the name of Arthur Z.
Schwartz responded.

18.) Both Eileen M. Burger and Arthur Z.
Schwartz communicated through emails
about the grievance I filed and the
progress to getting the grievance resolved.

19.) While the investigation involving the
status of my grievance was going on I
received a disciplinary action notice from
the defendant NYCTA for being late even
though the reason for being late falls in
line with an exemption from penalties for
being late under the CBA and I believe
that the disciplinary notice was a

page 10 of 33

B. Facts

retaliatory action of the NYCTA.

20.) Once I felt that there was still no progress and tried to avoid filing a federal complaint giving NYCTA more time than I indicated in my warning letter to NYCTA, I then decided to end the investigation while trying to push to resolve the grievance and filed a federal lawsuit against NYCTA and two other defendants.

21.) The NYCTA and the two other defendants responded to the original complaint of the FLSA federal case I filed against the defendants with a motion to dismiss asking this court to dismiss my FLSA case. The two other defendants are Metropolitan Transit Authority and Manhattan and Bronx Surface Transit Operating Authority.

B. Facts

22.) Upon receiving the motion to dismiss from NYCTA regarding the FLSA case I filed I've also received from the defendant NYCTA attached email communications between NYCTA's Labor Relations Director Valerie Dabas and TWU Local 100's union representative at the time Jesse Argueta discussing the status of the grievance I thought was filed regarding my differential payment.

23.) It was discussed in the attached emails between NYCTA's Labor Relations Director Valerie Dabas and TWU Local 100's representative at the time Jesse Argueta that my grievance was not filed in a timely manner and cannot be filed which conflicts with the email communications between the private attorney I hired Eileen M. Burger and

B. Facts:

TWU Local 100's attorney Arthur Z. Schwartz showing major discrepancies between these two groups of emails about the status of my union grievance.

24.) I then filed an opposition to NYCTA's motion to dismiss as well as a amended complaint to address the NYCTA's motion to dismiss and then NYCTA filed a reply.

25.) NYCTA's motion to dismiss was granted in the case of my FLSA claim for the most part against NYCTA to which I then filed a motion for reconsideration and deadline extension.

26.) During the pending litigation of my current FLSA claim which is still currently pending against NYCTA,

B. Facts

the NYCTA issued another differential payment in the amount of $25,472.10 which was overtaxed again against what was agreed to in the CBA down to the amount of $10,558.63.

27.) The differential payment of $10,558.63 which was dated September, 15th, 2022 was an authorized transaction because it was a direct deposit that I did not give the NYCTA permission to make due to a form I never filled out to give NYCTA permission for direct deposit, see Exhibit 17. Also that differential payment would be part of my FLSA claim against the NYCTA which is still in dispute.

28.) I sent another letter to NYCTA asking NYCTA to reverse the transaction

page 14 of 33

B. Facts

regarding the direct deposit because it was not suppose to happen to which there was no response to my letter which was dated September 19th 2022, see Exhibit 18.

29.) The amount of $10,558.63 that was direct deposited into my account from NYCTA on September, 15th, 2022 is still being held by me the plaintiff and the defendant is still welcome to reverse that transaction as was requested in my letter to NYCTA dated September 19th 2022 for the purpose of correcting the dispute under my FLSA claim.

30.) I later filed a Equal Employment Opportunity Commission ("EEOC") charge against the defendant NYCTA for discrimination and retaliation under

B. Facts

the Americans With Disabilities Act of 1990 ("ADA"), Title VII of the Civil Rights Act of 1964 ("CRA of 1964"), New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") to which the EEOC launched an investigation into my charge.

31.) The EEOC concluded the investigation into my discrimination claims against NYCTA and issued me the plaintiff a Notice Of Right To Sue Letter to further my discrimination and retaliation claims in state or federal court due to the facts within the EEOC charge not having enough evidence to state a claim which is why I am now pursuing my claims in court to state my claims in more detail to prove my claims of discrimination and retaliation.

B. Facts

NYCTA's violation of anti-discrimination laws
and the collective bargaining agreement.

32.) NYCTA has violated the CRA of 1964
based on retaliation, the ADA, NYSHRL
and NYCHRL on the basis of disability
as well as NYCTA's own rules and
regulations in multiple ways and
retaliated against me for trying to
enforce these rules such as filing a
complaint with the EEOC. The NYCTA is
continuing to commit some of these
illegal acts in real time currently.

33.) One of the ways NYCTA is discriminating
against me the plaintiff is the refusal
of the NYCTA to fully accomodate
injured worker's status for the period
of injury and for work that I was
medically qualified to perform under

B. Facts

section 2.7 of the CBA which is the Injury On Duty section that the NYCTA has agreed to when it comes to injured workers.

34.) Some of the work that I the plaintiff is medically qualified to perform when injured are already listed under section 2.7 of the CBA in order to receive any differential payment from NYCTA such as being readily available at all times to be called on by NYCTA for a Independent Medical Examiner ("IME") appointment at anytime.

35.) The requirements that are listed under section 2.7 of the CBA in order to receive any type of differential payments from NYCTA are to be counted as hours worked under

B. Facts

Title 29 of the Code of Federal Regulations ("C.F.R") part §785.27 and part §785.28 because the requirements for differential payments from NYCTA under section 2.7 of the CBA are involuntary and mandatory.

36.) The pay rate of the differential that I the plaintiff was suppose to receive was already agreed upon in section 8 of the 2005 MOU which is the assault pay provision for workers who was assaulted while on duty which does include overtime pay rates if the job that was being worked had hours and minutes that exceed over eight hours that was scheduled at the time of injury.

37.) The defendant NYCTA had mounted up a back pay balance of a differential

page 19 of 33

B. Facts

payment in the amount of what was originally $107,541.21 that is still owed to me and is part of my FLSA overtime claim against NYCTA which NYCTA still refuse to pay towards the work, injured status period and recovery of injured workers such as myself the plaintiff as described in the CBA and 2005 MOU.

38.) The defendant NYCTA had also discriminated against me the plaintiff on the basis of disability by the overtaxation of two differential payments which goes against the tax rate agreed upon in section 8 of the 2005 MOU in which the tax rate was suppose to be equal my tax rate of my regular work payments at the time of injury but was overtaxed instead.

B. Facts

39.) The first differential payment being a physical check in the amount of $20,483.01 but received only $8,962.91 after taxes which NYCTA refuse to correct.

40.) The second differential payment being a direct deposit in the amount of $25,472.10 but only received an amount of $10,558.63 which NYCTA also refuse to correct.

41.) The second differential payment of a direct deposit in the amount of $10,558.63 I believe was also discriminatory because the direct deposit was an unauthorized transaction that was forced into my checking account and I did not give NYCTA permission for direct deposit in which in order

B. Facts

for me to give NYCTA permission for direct deposit I have to fill out NYCTA's "ACH Request Form" for direct deposits of Workers out on workers' compensation and others to which my copy of my form is still blank, see Exhibit 17.

42.) I then contacted NYCTA by letter dated September 19th 2022 with certified mail and return receipt requesting NYCTA to reverse the transaction because the amount of the second differential payment is already in dispute under my FLSA claim to which there was no response from NYCTA even though my request is still open, see Exhibit 18.

43.) Another way NYCTA has discriminated against me is the delay of remedies and payments that was due to me

B. Facts

the plaintiff under the CBA as a result of a second assault that I had suffered at the hands of a NYCTA supervisor who is a train dispatcher on March. 27th, 2023 after trying being polite in the morning and asking how a family member of his was doing as I was trying to be cordial.

44.) Under the CBA within section 2.7 NYcTA employees covered under the CBA can elect to use any number to all accrued sick days and vacation days upfront starting after an injury if the injured worker does not return to work after an on the job injury but would have those days restored to the employee once those paid days are subtracted from a WCB award if the WCB case was established.

45.) NYCTA did not pay me out those days

B. Facts:

I requested to have paid out to me through NYCTA's "waiver and election" form after the second assault on me on March, 27th, 2023, instead NYCTA paid me out those days in July of 2023 only after I had to call NYCTA multiple times to try and get NYCTA to follow the CBA.

46.) NYCTA continues to discriminate and retaliate against me by refusing to meet obligations under the CBA to fully accomodate NYCTA's injured workers such as me in this case when it comes to pay and under the definition of the ADA injured workers such as myself are considered disabled because I cannot perform my regular job duties such as the job duties I described earlier as a train conductor.

page 24 of 33

## B. Facts

### TWU Local 100's violation of the New York State Public Employees Fair Employment Act of 1967

47.) TWU Local 100 which is my labor union has violated the New York State Public Employees Fair Employment Act of 1967 which is also known as the "Taylor Law" section 209-A(2)(c) by breaching their fiduciary duty and obligations under the CBA and violating their duty of fair representation.

48.) Indications of TWU Local 100's violations of the Taylor Law is the major discrepancies between the email communications of my investigative attorney Eileen M. Burger with TWU Local 100's attorney Arthur Z. Schwartz and NYCTA's Labor Relations Director Valerie Dabas with TWU Local 100's representative Jesse Argueta at the time showing that TWU Local 100 was not being truthful.

B. Facts

The effects as a result of NYCTA's and
TWU Local 100's violations and willful actions.

49.) The effects as a result of NYCTA's and
TWU Local 100's actions and violations of
laws has caused injuries of different
variations to me the plaintiff as well as
causing potential danger and continuous
danger to others.

50.) One of the injuries caused to me the
plaintiff by the NYCTA is being without
the income that is owed to me that NYCTA
is responsible for as described in the CBA
and 2005 MOU which has left me without
emergency funds for emergency situations,
money for investment purposes and money
for providing a higher standard of
living for myself so I can be able
to do more for myself and others.

B. Facts

51) Another injury the NYCTA and TWU local 100 has caused me the plaintiff is a massive permanent loss of time, time that was stolen from me due to the fact the CBA already explained the dispute process and when NYCTA is suppose to pay their injured workers and personal time that I am forced to spend trying to resolve my claims against NYCTA through this court. All this time that was not negotiated to spend on my employer or my union under the CBA that I loss and still continue to be forced to spend litigating my case which is time I can never get back.

52) Another injury the NYCTA has caused me is the loss of economic opportunities such as the ability to invest my finances and make a return on it at a higher level. For example, I had an opportunity

page 27 of 33

B. Facts

to invest in stocks of a canadian gas
company called "Gran Tierra Energy Inc."
at around .83 cents but because NYCTA
does not want to pay the money that
is owed to me I could not invest if
not all of the money at least a very
vast majority of it as I knew that
stock was going to increase and as a
result of missing out on that opportonity
that stock went up to what is now
over $6 dollars at this current time
with me missing out on major profits.

53.) Another injury the NYCTA has caused me
is the forced selling of assets at major
losses such as crypto assets and gold
and silver assets due to financial
emergency situations such as paying bills
when no other income was available due
to NYCTA's discriminating and

B. Facts

retaliating actions towards me and also due to TWU local 100's negligence and violating my right to fair representation.

54.) Another injury caused to me by NYCTA is the missed major life events such as vacations I wanted to plan and go on especially at good deals and rates and the ability to go to certain social events that my finances would have afforded me, meet people and participate in certain events to create memories for myself.

55.) Another injury that the NYCTA has caused me is the over taxation of payments in violation of the CBA from the NYCTA which also pushes me up to higher tax brackets causing multiple damages to my finances on top of what I was already experiencing financially due to the

B. Facts

discriminating and retaliating actions of
the NYCTA.

56) An injury of another type the NYCTA has
caused me is the overall loss of quality
of life and loss of enjoyment of life
due to NYCTA's actions. NYCTA continues
to try to impede on my ability to perform
at a higher level for myself and others.

57) An injury that NYCTA has also caused
me is emotional distress as well as
TWU Local 100 has caused me emotional
distress as I have to keep reliving the
events of my two assaults and the events
that took place after such as the defendants'
actions towards me. I also have to deal
with the emotional distress of selling my
financial assets and the loss of confidence
and momentum of my own personal decisions.

B. Facts

58.) Another type of injury and effect the NYCTA continues to inflict on me is the extreme inconvenience of trying to resolve this issue as my complaint has detailed.

59.) The effects that NYCTA and TWU Local 100 had also caused with their actions is an environment of negligence. The abandonment of NYCTA and TWU Local 100's duties I believe is so common that it puts employees of NYCTA and passengers at risk especially when combined with the discriminatory and retaliatory nature that NYCTA appears to keep displaying that I believe leads to not paying attention to preventing crime to discriminating against injured workers to the point they return to work still injured due to financial hardship and operate trains.

B. Facts

60.) Finally, the resistance, willful gross negligence and extreme carelessness of NYCTA and TWU local 100 in abandoning their duties so far appears to be their way of diminishing and rendering the power of CBA's useless, especially under litigation where if they are not held accountable or not held accountable enough, it would render CBA's and other rules, regulations and laws powerless and or less effective from here on out when it comes to similar cases.

## Conclusion

In conclusion, I asked this court to grant me relief based on the facts set forth in this case and grant me my request for damages I have listed in this complaint. Damages are listed next page.

page 32 of 33

## Damages from NYCTA

A.) Violation of Title VII of CRA of 1964: $300,000.00

B.) Violation of NYSHRL: $2,500,000.00

C.) Violation of NYCHRL: $2,500,000.00

D.) Reimbursement for all attorney fees


## Damages from TWU Local 100

A.) Violation of NYS Taylor Law: $1,000,000.00

B.) Emotional Distress: $2,000,000.00

C.) Gross and Willful Negligence: $3,000,000.00

D.) Time Loss / Forced use of personal time: $4,000,000.00

E.) Punitive Damages: $5,000,000.00 plus


\* Damages for the violations of the laws are for all the effects and additional effects I have suffered due to the defendants actions.


Thank you for taking time to read this complaint.


9/14/2023                          Sincerely, Panull Vaughn

page 33 of 33

## V.  ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☑ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?  *April, 4th, 2023 (4/4/2023)*

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☑ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?  *June, 16th, 2023 (6/16/2023)*

When did you receive the Notice?  *June, 16th, 2023 (6/16/2023)*

☐ No

## VI.  RELIEF

The relief I want the court to order is (check only those that apply):

☐ direct the defendant to hire me

☐ direct the defendant to re-employ me

☐ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☑ direct the defendant to reasonably accommodate my disability

☑ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here):

(1) *New York City Transit Authority*
*$5,300,000.00 (See details under B. Facts)*
(2) *Transportation Workers Union Local 100*
*$15,000,000.00 (See details under B. Facts)*

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_9/14/2023_
Dated

_Parnell Vaughn_
Plaintiff's Signature

_Parnell_
First Name

_D_
Middle Initial

_Vaughn_
Last Name

_2156 Cruger Ave Apt #5M_
Street Address

_Bronx_
County, City

_NY_
State

_10462_
Zip Code

_1-917-385-7317_
Telephone Number

_pdvaughn1987@yahoo.com_
Email Address (if available)

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 06/16/2023

**To:** Mr. Parnell D. Vaughn
2156 Cruger Ave, Apt # 5m
BRONX, NY 10462
Charge No: 520-2023-03203

EEOC Representative and email:     PAUL ESPOSITO
Investigator
paul.esposito@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC is closing this charge because the facts alleged in the charge fail to state a claim under any of the laws enforced by EEOC.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Timothy Riera
06/16/2023
_____
Timothy Riera
Acting District Director

**Cc:**
Robert K Drinan
New York City Transit Authority
130 LIVINGSTON ST
Brooklyn, NY 11201

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 520-2023-03203 to the District Director at Timothy Riera, 33 Whitehall St 5th Floor

New York, NY 10004.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- **Only one** major life activity need be substantially limited.

- Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

Enclosure with EEOC Notice of Closure and Rights (01/22)

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at* http://www.eeoc.gov/laws/types/disability_regulations.cfm.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | **520-2023-03203** |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| I Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)* | Home Phone | Year of Birth |
|---|---|---|
| Mr. Parnell D. Vaughn | (917) 385-7317 | 1987 |

Street Address

2156 Cruger Ave, Apt # 5m

BRONX, NY 10462

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| MTA/New York City Transit Authority/Mabstoa | 501+ Employees | |

Street Address

130 LIVINGSTON ST 2 BROADWAY, NEW YORK, NY 10004

BROOKLYN, NY 11201

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest          Latest |
| Disability, Other, Retaliation | 09/15/2022          09/15/2022 |
| | Continuing Action |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am currently employed by the MTA since July 17th, 2017, as a train conductor. Back on July 23, 2018, I was injured on the job and was out until May 27th, 2020. Since then, I never received my full back pay and full worker compensation penalty money. On September 15th, 2022, I was underpaid by being overtaxed on money in violation of a collective bargaining agreement involving the employer that I should not have received anyway because of my current federal lawsuit that is pending. I have been harassed and retaliated against by receiving money through unauthorized transaction with negative effects and tried to give the wrongful payout back and have been unsuccessful. I believe that I have been retaliated and discriminated against based on my disability, in violation of the ADA Act of 1990 and in violation of the Civil Rights Act of 1964, as amended, also in violation of the New York State Human Rights Law and in Violation of the New York City Human Rights Law.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally Signed By: Mr. Parnell D. Vaughn**<br><br>**04/04/2023** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| *Charging Party Signature* | |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.  **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2.  **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.  **PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.  **ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.  **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# Supplier, Retiree and Workers' Compensation ACH Request Form for Direct Deposit Payments
## FIN-AP-023A



### Section 1 – Information and Instructions

The purpose of this form is to have MTA payments deposited electronically into your bank account through ACH (Automated Clearing House).

Please complete the applicable sections:

       Supplier – Sections 2, 5 & 6

       Retiree Medicare Reimbursements – Sections 3, 5 & 6

       Workers' Comp Recipients – Sections 4, 5 & 7

Please email the completed form to bscservice@mtabsc.org.

If you have any questions, please contact the MTA Business Service Center (BSC) at 646-376-0123 or bscservice@mtabsc.org for assistance.

### Section 2 - Supplier Information

| | |
|---|---|
| Date | |
| Vendor Name | |
| Vendor ID Number | Identification# TIN/SSN |
| Requestor Name | Requestor Title |
| Phone | Email Address |

### Section 3 – Retiree Information

*Please provide the information below for Medicare Reimbursement payments only. Retiree Vendor ID number, if previously assigned, can be found on the addendum/check statement from a previous check you have received.*

| | |
|---|---|
| Date | |
| Retiree Name | |
| Retiree Vendor ID Number | Identification# BSCID and/or PASS |
| Phone | Email Address |
| Address | |

### Section 4 –Workers' Compensation Claimant Information

*WC Claimant Vendor ID number, if previously assigned, can be found on the addendum/check statement from a previous check you have received.*

| | |
|---|---|
| Date | |
| WC Claimant Name | |
| WC Claimant Vendor ID Number | Identification# BSCID/SSN and/or PASS |
| Phone | Email Address |
| Address | |

# Supplier, Retiree and Workers' Compensation ACH Request Form for Direct Deposit Payments
FIN-AP-023A



| Section 5 – Depositor's Banking Information |
|---|
| *Please check with your financial institution to complete the requested information in this section. Direct deposit is only available if your financial institution is part of the New York State Automated Clearinghouse. In addition, the depositor's name MUST appear on the account.* |
| Please provide banking details below: |
| ACH Confirmation Email Address (To receive detailed ACH payment information) |
| Account Type ☐ Checking ☐ Savings |
| Bank Name |
| Name on Bank Account |
| ABA Routing Number |
| Bank Account Number |

| Section 6 – Authorization (Suppliers/Retirees) | |
|---|---|
| *I do hereby certify that to the best of my knowledge the above information is true and correct.* | |
| Signature | Date |

| Section 7 – Authorization (Workers' Comp) | |
|---|---|
| *MTA or Transit Claim number can be found on the addendum/check statement from a previous check you have received. Please contact the WC Board if you do not know your WCB claim number.* | |
| MTA or Transit Claim Number | WCB Claim Number |
| *DEPOSITOR/CLAIMANT/JOINT ACCOUNT HOLDER CERTIFICATION I certify that I am entitled to receive the underlying compensation payments or death benefits and circumstances entitling me to benefits or death benefits have not changed. I understand that the claim administrator may request an annual certification of continued entitlement to such payments or benefits and that such certification must be provided within sixty days in order to continue payments by direct deposit.* | |
| Depositor/Claimant Certification Signature | Date |
| Joint Account Holder Certification Signature | Date |

*Exhibit 17 page 2*

# Parnell Vaughn
## 2156 Cruger Ave Apt # 5M
## Bronx, NY 10462
## Phone: 917-385-7317

Date: September, 19th, 2022

To: Metropolitan Transportation Authority
      New York City Transit Authority
      Manhattan and Bronx Surface Transportation Operating Authority

To Address: 130 Livingston
                  Brooklyn, NY 11201

Subject: Direct Deposit Dispute of $10,558.63

**Attention:** <u>Time Keeping Payroll Department, Workers Compensation Department,
                  and Legal Department.</u>

I, Parnell Vaughn am contacting you to let you know that I have received a direct deposit
into my bank account of $10,558.63 around September, 15th, 2022 last week and is
informing you so I can prevent any future dispute in case there is a mistake or a mix up
that needs correction in the future and because there is a dispute with this deposit for
multiple reasons. Please see attachment of the pay stub (Pay Check Advice # 9636276).

The first reason is that there no official statement for the reason of this deposit. The
second reason is assuming the deposit of the $10,558.63 is in connection to a workers'
compensation claim, this will be the wrong amount deposited and must be withdrawn
from my account. The final reason is assuming again that the direct deposit mentioned
above is tied to a workers' compensation claim or differential claim, the direct deposit
can not be accepted because the money deposited into my account is already tied to a
legal dispute that is still pending and has not yet been resolved.

For all of these reasons mentioned above I can not accept this payment of $10,558.63 and
asked that this transaction be reversed and withdraw the money from my account. I have
already contacted my bank to see if they can do it on their side, unfortunately they can
not which is why I am contacting you to reverse this transaction. If you want to reverse
this transaction please let me know ahead of time that you will do so, so I can prepare to
make this transaction of the withdraw as easy as possible. You have 10 business days
from receipt of this letter to respond to this letter, if no response is given I will take it as a
refusal to resolve this transaction dispute. And this direct deposit of $10,558.63 does not
resolve any legal dispute that is currently pending.

Thank You,   *Parnell Vaughn*

Parnell Vaughn, Pass #: 917096

*Exhibit 18        page 1*

**New York City Transit**
Treasury Department, Room 7085, 130 Livingston Street
Brooklyn, NY 11201

| | |
|---|---|
| Pay Group: | TW6-NYCT Hourly 6 |
| Pay Begin Date: | 08/28/22 |
| Pay End Date: | 09/10/22 |

| | |
|---|---|
| Business Unit: | NYCTA |
| Advice #: | 9636276 |
| Advice Date: | 09/15/22 |

Parnell D Vaughn
2156 Cruger Ave, Apt 5M
Bronx, NY 10462-1617
Employee ID:   1258107
Agency Empl ID: 917096

| | |
|---|---|
| Department: | 2391 L3: 2240 |
| Location | NYCTA |
| Pay Rate: | $34.748753 Hourly |
| Pension #: | 1E9151 |
| Pen Gross: | $25,472.10 YTD. $89,403.00 |

**TAX DATA:**

| | Federal | NY State | Local |
|---|---|---|---|
| Marital Status: | Single | Single | Single |
| Allowances: | 0 | 0 | 0 |
| Addl. Pct: | | | |
| Addl. Amt: | | | |

**HOURS AND EARNINGS**

| Description | Begin Dt | End Dt | Rate | Hours | Earnings | Hours | Earnings |
|---|---|---|---|---|---|---|---|
| | ------- Prior Period ------- | | | ----- Current ----- | | ------ YTD ------ | |
| WC Diff | 09/08/18 | 08/27/19 | | | 25,472.10 | | 25,562.47 |
| Sched OT | | | | | 0.00 | 16.82 | 577.07 |
| OT Bonus | | | | | 0.00 | 153.32 | 2,420.78 |
| Oth Leave | | | | | 0.00 | 69.95 | 2,264.33 |
| Hol Per BD | | | | | 0.00 | 8.00 | 254.79 |
| Sick Pay | | | | | 0.00 | 250.22 | 8,128.79 |
| Sch OT Bon | | | | | 0.00 | 14.77 | 260.31 |
| Night Diff | | | | | 0.00 | 1,031.22 | 1,344.74 |
| OthDiffPrm | | | | | 0.00 | 26.48 | 52.96 |
| Hrs Adjust | | | | | 0.00 | 8.00 | 261.79 |
| Pd Leave O | | | | | 0.00 | 7.50 | 252.52 |
| Rt HrPrvPd | | | | | 0.00 | -35.50 | -50.84 |
| Hol CashIn | | | | | 0.00 | 64.00 | 2,082.52 |
| VacWaiver | | | | | 0.00 | 56.00 | 1,783.52 |
| BNS FLSA X | | | | | 0.00 | 34.69 | 569.67 |
| StraightOT | | | | | 0.00 | 226.46 | 7,388.94 |
| Regular | | | | | 0.00 | 1,091.25 | 35,927.78 |
| FLSA Adjustments | | | | | 0.00 | | 247.72 |

**TAXES**

| Description | Current | YTD |
|---|---|---|
| Fed Withholdng | 7,655.23 | 17,285.15 |
| Fed MED/EE | 369.34 | 1,282.16 |
| Fed OASDI/EE | 1,579.27 | 5,482.35 |
| NYS Withholdng | 1,835.05 | 5,151.06 |
| NYC Withholdng | 1,062.31 | 3,390.89 |
| **TOTAL:** | **12,501.20** | **32,591.61** |

**BEFORE-TAX DEDUCTIONS**

| Description | Current | YTD |
|---|---|---|
| Pension | 764.16 | 2,682.09 |
| HealthBenefitContributn | 0.00 | 978.07 |
| **TOTAL:** | **764.16** | **3,660.16** |

**AFTER-TAX DEDUCTIONS**

| Description | Current | YTD |
|---|---|---|
| Travelers Insurance | 85.98 | 601.86 |
| NYCT-TWU-Local 100 | 33.80 | 700.70 |
| 401K ROTH | 1,528.33 | 5,168.67 |
| TransportWrkrUnionLocal | 0.00 | 133.00 |
| Disability Deduction | 0.00 | 22.80 |
| **TOTAL:** | **1,648.11** | **6,627.03** |

| TOTAL: | | 25,472.10 | 89,403.00 |
|---|---|---|---|

**Taxable Earnings**

| | Current | YTD | Taxable Benefit | Current | YTD |
|---|---|---|---|---|---|
| NYS   Taxable Earnings | 25,472.10 | 89,403.00 | | | |
| Federal  Taxable Earnings | 24,707.94 | 85,742.84 | | | |

**Leave Balance / PTO** | **Hours**

**NET PAY DISTRIBUTION**

Advice #000000009636276                    $10,558.63

| TOTAL: | $10,558.63 |
|---|---|

MESSAGE:

---

**New York City Transit**
Treasury Department, Room 7085, 130 Livingston Street
Brooklyn, NY 11201

**Date:**
09/15/22

**Advice No.**
9636276

**DIRECT DEPOSIT DISTRIBUTION**

| Account Type | Account Number | Deposit Amount |
|---|---|---|
| Checking | xxxxxxx3068 | $10,558.63 |
| **Total:** | | **$10,558.63** |

**Deposit Amount:**   **$10,558.63**

**To the**
**Account(s) Of**

**PARNELL D VAUGHN**
2156 Cruger Ave
Apt 5M

Location: 23047

**NON-NEGOTIABLE**

*Exhibit 18     page 2*

# THE RELATED ENTITIES

**Legal Status and Public Purpose**

The Metropolitan Transportation Authority ("MTA") was created by New York State legislation in 1965 (the Metropolitan Transportation Authority Act, New York Public Authorities Law, Title 11, Section 1260, et. seq.), as a public benefit corporation. MTA is a corporate entity separate and apart from the State of New York (the "State"), without any power of taxation – frequently called a "public authority." MTA has the responsibility for developing and implementing a unified mass transportation policy for The City of New York (the "City") and Dutchess, Nassau, Orange, Putnam, Rockland, Suffolk and Westchester counties (collectively with the City, the "MTA Commuter Transportation District").

MTA carries out these responsibilities directly and through its subsidiaries and affiliates, which are also public benefit corporations. The following entities, listed by their legal names, are subsidiaries,[*] of MTA:

- The Long Island Rail Road Company,
- Metro-North Commuter Railroad Company,
- Staten Island Rapid Transit Operating Authority,
- MTA Bus Company, and
- MTA Capital Construction Company.

The following entities, listed by their legal names, are affiliates of MTA:

- Triborough Bridge and Tunnel Authority, and
- New York City Transit Authority, and its subsidiary, the Manhattan and Bronx Surface Transit Operating Authority.

MTA and the foregoing subsidiaries and affiliates are collectively referred to herein, from time to time, as the "Related Entities." Throughout this Appendix A, the Related Entities are referred to by their popular names, which are listed below under "Use of Popular Names."

Certain insurance coverage for the Related Entities is provided by a New York State-licensed captive insurance public benefit corporation subsidiary of MTA, First Mutual Transportation Assurance Company ("FMTAC"). See "INSURANCE."

MTA and its subsidiaries are generally governed by the Metropolitan Transportation Authority Act, being Title 11 of Article 5 of the New York Public Authorities Law, as from time to time amended (the "MTA Act").

Triborough Bridge and Tunnel Authority is generally governed by the Triborough Bridge and Tunnel Authority Act, being Title 3 of Article 3 of the New York Public Authorities Law, as from time to time amended (the "MTA Bridges and Tunnels Act").

The New York City Transit Authority and its subsidiary are generally governed by the New York City Transit Authority Act, being Title 9 of Article 5 of the New York Public Authorities Law, as from time to time amended (the "MTA New York City Transit Act").

---

[*] The MTA subsidiary Metropolitan Suburban Bus Authority discontinued its provision of transportation services at the end of 2011. Its activities are limited to the winding up of its affairs.

*Exhibit 19 page 1*

Due to the continuing business interrelationship of the Related Entities and their common governance and funding, there are provisions of each of these three acts (the MTA Act, the MTA Bridges and Tunnels Act and the MTA New York City Transit Act) that affect some or all of the other Related Entities in various ways.

**Use of Popular Names**

The following table sets forth the legal and popular names of the Related Entities.  Throughout this Appendix A, reference to each agency will be made using its popular name.

| Legal Name | Popular Name |
|---|---|
| Metropolitan Transportation Authority | MTA |
| New York City Transit Authority | MTA New York City Transit |
| Manhattan and Bronx Surface Transit Operating Authority | MaBSTOA |
| Staten Island Rapid Transit Operating Authority | MTA Staten Island Railway |
| MTA Bus Company | MTA Bus |
| The Long Island Rail Road Company | MTA Long Island Rail Road |
| Metro-North Commuter Railroad Company | MTA Metro-North Railroad |
| MTA Capital Construction Company | MTA Capital Construction |
| Triborough Bridge and Tunnel Authority | MTA Bridges and Tunnels |

**Governance**

MTA's Board consists of a Chairman and 16 other voting Members, two non-voting Members and four alternate non-voting Members, all of whom are appointed by the Governor with the advice and consent of the State Senate.  The four voting Members, required to be residents of the counties of Dutchess, Orange, Putnam and Rockland, respectively, cast one collective vote.  The other voting Members, including the Chairman, cast one vote each (except that in the event of a tie vote, the Chairman shall cast one additional vote).  Members of MTA are, ex officio, the Members or Directors of the other Related Entities and FMTAC.

The Chairman is also the Chief Executive Officer of MTA and is responsible for the discharge of the executive and administrative functions and powers of the Related Entities.  The Chairman and Chief Executive Officer of MTA is, *ex officio*, the Chairman and Chief Executive Officer of the other Related Entities.

**Facilities and Operations**

The following is a summary of the facilities and operations presently conducted by the Related Entities.

*MTA Headquarters (including the Business Service Center).*  MTA Headquarters includes the executive staff of MTA, as well as a number of departments that perform largely all-agency functions, including audit, budget and financial management, capital programs management, finance, governmental relations, insurance and risk management, legal, planning, procurement, real estate, corporate compliance and ethics, and treasury.  In addition, MTA maintains its own Police Department ("MTA Police Department") with non-exclusive jurisdiction over all facilities of the Related Entities, and MTA Headquarters is responsible for the costs and expenses of such police department.

*Transit System.*  MTA New York City Transit and its subsidiary MaBSTOA operate all subway transportation and most of the public bus transportation within the City (the "Transit System").  Throughout this Appendix A, unless otherwise noted, the term "Transit System" includes only the operations of MTA New York City Transit and its subsidiary MaBSTOA, and does not include the operations of MTA Staten Island Railway

A - 3

*Exhibit 19 page 2*