**HOGUET NEWMAN REGAL & KENNEY, LLP**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/18/2023

...l Place
t, 48th Floor
...rk 10165

Tel 212.689.8808
Fax 212.689.5101
www.hnrklaw.com

hhechtkopf@hnrklaw.com

December 13, 2023

Good cause having been shown, and on consent of Plaintiff, the Transit Defendants' motion to stay is GRANTED.
SO ORDERED.
Dated: December 18, 2023

<u>VIA ECF</u>

Hon. Stewart D. Aaron
Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  Vaughn v. Metropolitan Transit Authority, et al., No. 1:22-cv-3221-LTS-SDA

Dear Judge Aaron:

We represent Defendants Metropolitan Transportation Authority, New York City Transit Authority, and Manhattan and Bronx Surface Transit Operating Authority (the "Transit Defendants"). As the Court is aware, the Transit Defendants have moved to dismiss Plaintiff's Third Amended Complaint in its entirety. *See* ECF Nos. 45-47. The Court has also scheduled an Initial Case Management Conference for January 3, 2024, and has ordered the parties to plan for discovery in advance of the conference. ECF Nos. 40 and 42.

In the interest of judicial economy, and for the other reasons set forth more fully below, the Transit Defendants now respectfully move for a stay of discovery pursuant to Federal Rule of Civil Procedure 26(c), including an adjournment *sine die* of the January 9 conference, pending resolution of their Motion to Dismiss. The Transit Defendants and Plaintiff conferred by telephone on December 13, 2023, and Plaintiff consented to a stay of discovery and also separately indicated his intent to request a discovery schedule that commences in June 2024.

This Court may stay discovery pending resolution of a motion to dismiss upon a showing of good cause. *See* Fed. R. Civ. P. 26(c); *Gross v. Madison Square Garden Ent. Corp.*, 23-CV-3380 (LAK) (JLC, 2023 WL 6815052 (S.D.N.Y. Oct. 17, 2023) (granting a motion to stay discovery although plaintiffs had requested very limited discovery of certain vendor contracts and even though defendants acknowledged that the burden of merely producing the contracts was not substantial); *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006) (staying discovery in employment litigation where "there are substantial claims made that the allegations fail to adequately set forth even minimal facts to support a cause of action" for several of the plaintiff's claims).

In the context of a pending FRCP Rule 12 motion, some of the factors courts consider in determining whether to issue a stay include: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of



responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *N.Y. by James v. Pa.. Higher Educ. Assistance Agency*, 19 Civ. 9155 (ER) 2020 WL 605944, at *1 (S.D.N.Y. Feb. 7, 2020) (citing *Guiffre v. Maxwell*, No. 15 Civ. 7433 (RWS), 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20, 2016)).. Additionally, courts may also take into consideration "the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Chesney*, 236 F.R.D. at 115. However, the moving party is not required to satisfy all these factors in order to obtain a stay; instead "[t]hey should all merely be considered in making the 'good cause'" determination, as a court has wide discretion in granting a stay request." *Gross*, 2023 WL 6815052, at *2, n.1.

**1. The Transit Defendants have made a strong showing that Plaintiff's claims are unmeritorious**

Courts should "consider the strength of the dispositive motion that is the basis of the [stay] application." *Niv v. Hilton Hotels Corp.*, No. 06 Civ. 7839 (PKL), 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007). A stay of discovery is appropriate where the pending dispositive motion "appears to have substantial grounds" or "does not appear to be without foundation in law." *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (cleaned up). There is no doubt that the Transit Defendants' motion to dismiss, based on pleading and legal insufficiencies in Plaintiff's case, is potentially dispositive and certainly strong enough to merit a stay of discovery pending its outcome. *See, e.g., Valentini v. Grp. Health Inc.*, 20 Civ. 9526 (JPC), 2021 WL 861275, at *1 (S.D.N.Y. Mar. 8, 2021) (noting that, "while not ruling on the merits of the Motions to Dismiss, the Court emphasizes that Defendants have made several substantial arguments in favor of dismissal of this suit" and granting letter motion for a stay of discovery).

Here, all of Plaintiff's FLSA claims were previously dismissed, and he has not remedied the deficiencies in the FLSA retaliation claim he was given leave to replead. His disability discrimination claims are either not covered by the statutory scheme, untimely, or legally insufficient because he does not claim to have a disability as contemplated under the various statutes, he never requested a reasonable accommodation, and/or the allegedly retaliatory activity preceded the purported protected activity. His workplace violence claims fail because there is no private right of action under the statute he invokes. The Transit Defendants' arguments for dismissal are "well-founded in the law . . . are not frivolous [,] and constitute the 'strong showing' necessary to weigh in favor of [a] stay." *Pa.. Higher Educ. Assistance Agency*, 2020 WL 605944, at *2.

**2. The breadth and burden of discovery on the Transit Defendants warrant the imposition of a stay**

It would be unduly burdensome and prejudicial to the Transit Defendants—and to the Court—to expend funds and judicial resources on discovery relating to Plaintiff's claims that are not legally viable. If the Transit Defendants prevail, all of Plaintiff's claims will be dismissed. *See Rivera v. Heyman*, No. 96 Civ. 4489 (PKL), 1997 WL 86394, at *1 ("Given that disposition

Case 1:22-cv-03221-LTS-SDA   Document 51   Filed 12/18/23   Page 3 of 3

Hon. Stewart D. Aaron
December 8, 2023
Page 3



of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants.").

### 3. Plaintiff would suffer no prejudice if discovery was temporarily stayed pending a ruling on the Transit Defendants' Motion to Dismiss

There would be no prejudice to Plaintiff if discovery is stayed. Any delay to Plaintiff's case would be minimal. "'A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.'" *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (quoting *Rivera*, 1997 WL 86394, at *1). This is especially true in this case, where the Plaintiff has indicated that he would not be prepared to begin discovery in earnest until June 2024 in any event.

### 4. The action is in its infancy, the remaining defendant has not appeared in the action, and Plaintiff does not oppose a stay of discovery

During the Transit Defendants' Rule 26 conference with the Plaintiff, Plaintiff indicated his preference that discovery not begin until June 2024. That Plaintiff also desires a stay of discovery for at least six months should weigh in favor of granting the stay. In addition, the case has not progressed past the pleading stage. This case was filed in April 2022. Since that time Plaintiff has had his complaint dismissed and has amended his complaint three times. He has added an additional defendant, TWU Local 100, that has not yet made an appearance in this case. No discovery requests have been served and no discovery has been exchanged in this matter. That the litigation is in its early phases also supports a stay. *Elnenaey v. JP Morgan Chase Bank, N.A.*, 20 CV 5430 (DG)(LB), 2021 WL 7908626, at *1 (E.D.N.Y. Oct. 7, 2021) (imposing a stay even where some discovery had already been exchanged because "the Court has not yet held a discovery conference or entered a discovery schedule in this matter. At this early stage, a limited stay will not prejudice plaintiff and will avoid unnecessary discovery costs. Plaintiff may reserve his discovery requests should he prevail on the pending motions [to dismiss and for default judgment].")

For the reasons provided above, the Transit Defendants' request for a protective order staying discovery until the resolution of its Motion to Dismiss should be granted. We thank the Court in advance for its attention to this request.

Respectfully submitted,

Helene Hechtkopf

cc:   Plaintiff Parnell Vaughn
      (*via ECF and first-class mail*)